**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICK FUNDERBURK,<br><br>    Plaintiff,<br><br>vs.<br><br>E.K. MCDANIEL, D.W. NEVEN,<br>A.R. ENDEL, R. CHAMBLISS,<br><br>    Defendants. | 3:06-CV-0231-RCJ (RAM)<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

      This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

      Before the court is Defendants' Motion to Dismiss for failure to State a Claim for Which Relief Can Be Granted (Doc. # 22). Plaintiff opposed the motion (Doc. # 24), and Defendants replied (Doc. # 25).

      Plaintiff Patrick Funderburk ("Plaintiff"), on or about July 19, 2006, filed *a pro se* Civil Rights Complaint pursuant to 42 U.S.C. §1983 alleging violations, in two counts, of his Eighth Amendment rights under the United States Constitution on the part of Ely State Prison ("ESP") Warden, E.K. Mc Daniels, and two correctional officers, both John Does. (Doc. # 11). On July 31, 2006, he filed an amended complaint to allege a violation, in one count, of both his Fifth and Fourteenth Amendment rights under the United States Constitution on the part of ESP Associate Wardens, D.W. Neven and

A.R. Endel; ESP Caseworker, R. Chambliss; and originally named Defendant, Warden McDaniels, ("Defendants")[1]. (Doc. #11).

## BACKGROUND

This case arises out of Plaintiff's incarceration with ESP. On October 26, 2005, Defendants placed Plaintiff and his cell mate in administrative segregation for disciplinary purposes on (Doc. #11). Sometime between then and approximately December 1, 2005, Plaintiff developed a concern for his safety, of which he informed Defendant caseworker Chambliss. Plaintiff told Defendant Chambliss that being placed in segregation with his cell mate, "...could cause a real dangerously harmful safety risk between them..." [2] (Doc. # 11). On December 15, 2005, while still segregated, Plaintiff injured his back as a result of a physical altercation between he and his cell mate. (Doc. # 11).

From the time Plaintiff was placed in segregation to the time that he told Defendant Chambliss he was in a dangerous situation, he had a right to administrative remedies. (Doc. # 24, Exh. A). Section six of the ESP Institutional Procedure 5.13 booklet allows for Plaintiff to file a grievance regarding cell conditions, which Plaintiff failed to do until almost two and a half months after he was segregated with his cell mate, and weeks after he became injured. (Doc. # 11 & 24). Plaintiff exhausted his administrative remedies in this regard on March 9, 2006; following which he filed suit in this court. (Doc. # 11, pg. 7).

Plaintiff argues that the altercation and his resulting injury are the product of Defendants' forcing him to be segregated with his cell mate and failing to "act on" Plaintiff's comment concerning the danger he felt for being segregated with his cell mate. (Doc. # 11). Defendants assert that Chambliss did not "act on" Plaintiff's comment because it was general and vague, and no reasonable ESP employee could have been expected to know that Plaintiff's safety was truly at stake based solely on his one comment. (Doc. # 22). Defendants also assert that even if they understood that Plaintiff

---

[1] Plaintiff sues Defendants in both their individual and official capacities.

[2] These are the only words for concern that Plaintiff allegedly expressed in regard to fearing his cell mate.

was in real danger, their failure to remove him from segregation was mere negligence and not an intentional violation of his Due Process rights.

## DISCUSSION

A.    <u>Standard For a 12 (b)(6) Dismissal</u>

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law." *North Star Inter'l v. Ariz. Corp. Comm.,* 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996) (citation omitted). For a defendant-movant to succeed, it must appear to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Id.* at 338. A complaint may be dismissed as a matter of law for, "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Group v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)). Keeping in mind that Federal Courts are particularly liberal in construing "inartful pleading" by *pro se* litigants. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Glendora v. Cablevision Systems Corp*, 45 F.3d 36, 37 (2nd Cir. 1995) (holding this rule particularly applicable in *pro se* civil rights actions); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Although *pro se* pleadings are to be liberally construed, *Hughes 449 U.S.* at 9, general or vague allegations of a civil rights violations are not enough to withstand a motion to dismiss. *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir. 1982); *citing, Johnson v. Wells,* 566 F.2d 1016 (5th Cir. 1978).

B.    <u>Plaintiff's Due Process Complaint Against Defendant Wardens</u>

Plaintiff first alleges that Defendant Wardens denied him his liberty to remain free from harm under the Fourteenth Amendment because they placed him in disciplinary administrative segregation with the knowledge that such segregation is inherently dangerous. (Doc. # 11). Plaintiff contends that this decision caused him to be injured by his cell mate. (Id.).

1         To state a claim under the Fourteenth Amendment a prisoner must show (1) that the state deprived him of a liberty interest, and (2) that it denied him adequate procedural protections. *Biggs v. Tehrune*, 334 F. 3d 910, 913 (9th Cir. 2003). In the prison context, states may create liberty interests which are protected by the Due Process Clause. *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (held that avoiding administrative segregation is not a liberty interest afforded to prisoners). But administrative segregation does not present the type of atypical, significant deprivation in which a state might create this interest. *Id.*; *following, Wolf* 418 U.S. 539 (1974), because it does not impose more than is expected from ordinary prison life. *Id.* at 484; *see e.g. Vitek v. Jones,* 445 U.S. 480, 493 (1980). There, the court held that transferring an inmate to a mental hospital to stay past the term of his sentence presented exactly the type of atypical and significant hardship on the inmate for which the state should have created a liberty interest. This case is unlike *Vitek*, because Plaintiff's stay in the segregation unit was well within the time limits of his sentence and did not impose any hardship which Plaintiff could not have expected to accompany ordinary prison life.     Defendant Wardens did not deprive Plaintiff of a liberty interest, thus it is unnecessary to reach the second prong of the due process violation inquiry. Accordingly, Plaintiff has failed to state a cognizable legal theory in regard to Defendant Wardens violating his Fourteenth Amendment rights by placing him in administrative segregation.

C.    <u>Defendant Chambliss</u>

      Plaintiff alleges that Defendant Chambliss violated his Fourteenth Amendment right to be free from harm because Defendant Chambliss failed to reassign him to a new cell even though he knew Plaintiff feared being harmed by his cell mate. Indeed, prisoners have a liberty interest in expecting prison officials to prevent them from injury by fellow prisoners. *see, Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (where a prison guard ignored an inmate's letter in which he stated that he was threatened by another inmate, the court held that this was not a deprivation of due process even though the inmate later endured a harmful attack by said inmate). But, mere negligence or lack of due care on the part of prison officials in their duty to protect prisoners from harming each other is not enough to state a violation of one's substantive Fourteenth Amendment rights, and thus is insufficient to state a claim under § 1983. *Woodrum County v. Woodward County Okl.* 866 F. 2d 1121; citing *Davidson,*

4

474 U.S. 344; *Daniels v. Williams,* 474 U.S. 327 (1986). Because Plaintiff does not allege a violation of prison procedure or a violation of substantive law as are required to claim a Fourteenth Amendment violation, the court finds that he meant to allege a violation of his Eighth Amendment right to be free from cruel and unusual punishment[3]. U.S. Const. Amends. VIII & XIV; *see Glendora,* 45 F. 3d 36 (courts are to read *pro se* pleadings liberally). His intention is evidenced by his initial complaint in which he alleged an Eight Amendment violation. (Doc. # 10).

To state a claim that a prison official violated the Eighth Amendment by failing to protect one inmate from another, the prisoner must satisfy a two-part standard. *Farmer*, 511 U.S. at 834. The inmate first, must show that he was housed under conditions that posed a substantial risk of serious harm. *Id.; see Helling v. McKinney,* 509 U.S. 25, 34-35 (1993). Second, the inmate must show that the prison official acted with deliberate indifference to the prisoner's safety. *Id. citing Wilson v. Seiter,* 501 U.S. 294, 302-303 (1991). Deliberate indifference is a subjective test - the defendant prison official must have knowledge that the prisoner is at a serious risk of harm and must fail to prevent that harm. *Id.* at 835-839.

To go forward in this case, Plaintiff has to show that he was housed under conditions that posed a substantial risk of serious harm. That Plaintiff was placed in administrative segregation however is not enough, he would have to prove something more to succeed here. For instance, if Plaintiff were able to show that his cell mate had threatened him in the past and that Defendant Chambliss had been exposed to information concerning the threats, then the court might find the allegation more credible that Defendant Chambliss knew Plaintiff was at a serious risk of harm. Plaintiff neither presents evidence in the form of grievances or affidavits that show Defendant Chambliss should have known. Although, Plaintiff told Defendant Chambliss of a general fear of being segregated with his cell mate, he did not express whether his cell mate ever threatened him, nor did he specify what he considered to be a danger. (Doc. # 10). Without giving Defendant Chambliss a specific reason to believe Plaintiff

---

[3]This is yet another forgivable mistake on the part of Plaintiff that Defendants failed to notice and correct. The case law cited by Defendants in regard to this claim concerned true procedural and substantive due process issues with according facts.

was at a serious risk of harm, he cannot be charged with the knowledge necessary to impose liability under the Eighth Amendment.

Without knowledge of a specific risk of harm there can be no claim that Defendant Chambliss failed to take reasonable steps to prevent harm to Plaintiff.

1. Theory of *Respondeat Superior*

Plaintiff also alleges that Defendant wardens are liable to him for Defendant Chambliss's failure to change Plaintiff's cell assignment after Plaintiff told Defendant Chambliss that Plaintiff was in a dangerous situation. (Doc. #24). Because Defendant Chambliss works under the supervision of Defendant Wardens, Plaintiff believes that they are vicariously responsible for his inaction. Id.

In *Fayle v. Stapley*, 607 F. 2d 858, 862 (9th Cir. 1979), the Ninth Circuit established that supervisory personnel are not liable under § 1983 for the actions or inactions of their employees under a theory of *respondeat superior. See also Mosher v. Saalfield*, 589 F. 2d 438, 441 (9th Cir. 1978). Thus, it is unnecessary to discuss wether the facts alleged give rise to a cognizable legal claim under the Eighth Amendment because Plaintiff's claim against Defendant wardens as supervisors fails on its face under the theory of *respondeat superior.*

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Court enter an order **GRANTING** Defendants' Motion to Dismiss (Doc. # 22), and dismiss Plaintiff's claims with prejudice.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636 (b)(1)(C) and Rule IB3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  That this Report and Recommendation is not an appealable court order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Civil Procedure, should not be filed until entry of the District Court's judgment.

DATED: August 6, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

7